UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

CASE NO.: 1:25-cv-08391-JSR

DORINA ZIESKE,

        Plaintiff,

v.

53wuyongquan, *et al.*,

        Defendants.

## [proposed] PRELIMINARY INJUNCTION ORDER

Plaintiff DORINA ZIESKE ("Zieske" or "Plaintiff") filed a Motion for Temporary Restraining Order seeking a Preliminary Injunction against the fully interactive, e-commerce stores operated by Defendants 53WUYONGQUAN, EIIORPO-US, LIZSJ, MOCLEVER, QUVIVIOR, ROSYMORMOR, RYCDADE-US, WAYDA, WINNING TRADING LTD, YUANYUAN STROE, DISCOUNTSUSA777, FYVI, and XIRUI ELECTRONIC CO. LTD (collectively, "Defendants") on Amazon.com, eBay.com, and Walmart.com. After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered October 23, 2025 (ECF No. 13) ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including New York. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases and offer shipping to the

1

United States including New York, and have sold products bearing or using infringing versions of Plaintiff's intellectual property, as shown in the table below, and hereinafter referred to as the "Works".

| Title of Work | Copyright Registration No. | Registration Date |
|---|---|---|
| Forrest Stump | VA 2-420-824 | October 17, 2024 |
| Mr. Grumpy Stump | VA 2-420-828 | October 17, 2024 |
| Mr. Chatty Trunk | VA 2-420-831 | October 17, 2024 |
| Ole Treemun | VA 2-420-832 | October 17, 2024 |

In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with U.S. consumers including New York residents by operating one or more commercial, interactive internet stores through which New York residents can and do purchase products using infringing versions of Plaintiff's Works. *See* Docket Nos. 11-1, 11-2, and 11-3, which includes screenshot evidence confirming that each Defendant's e-commerce store does stand ready, willing and able to ship its infringing goods to customers in the United States, including New York, bearing or using infringing versions of Plaintiff's Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) the Works are registered with the U.S. Copyright Office, and (2) Defendants are not licensed or authorized to use the Works or any derivative. Defendants' use of the Works are causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with

2

Plaintiff. Furthermore, Defendants' continued and unauthorized use of the Works irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Works, other than those actually manufactured or distributed by Plaintiff; and

   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing or using the Works; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing or using the Works; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

   c. From copying, displaying, distributing or creating derivative works of Plaintiff's Works; and

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this

       Order shall immediately discontinue, until further Order of this Court, the use of the Work on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs. This order is limited to the Defendants' listings using the Work, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the Works from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

4. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. ·Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller Ids that may have been deleted before the entry of this Order.

6. Upon receipt of notice of this Order, Defendants and all financial payment processors, banks, escrow services, money transmitters, or marketplace platforms including but not limited to Amazon.com ("Amazon"), eBay.com ("eBay"), Walmart.com ("Walmart"), and any other Third Party Providers, including PayPal, Amazon Pay, Stripe, and others, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified,

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court;

   c. immediately divert those restrained funds to a holding account for the trust of the Court.

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to Amazon, eBay, Walmart, PayPal, Stripe, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and subaccount(s) which have been restrained; (iii) the historical sales for the defendants' listings that are alleged to infringe Plaintiff's copyrights; and (iv) the true identities along with complete contact information including email addresses of all defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money

transmitter, or marketplace website including but not limited to Amazon, eBay, Walmart, PayPal, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to Amazon, eBay, Walmart, PayPal, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. This Order shall apply to the Seller IDs, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by defendants for the purpose of counterfeiting and/or copying the Plaintiff's Works.

11. This Order shall remain in effect during the pendency of this action or until further Court order.

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of New York Local Rules. Any third party impacted by this Order may move for appropriate relief.

13. Plaintiff shall provide notice of this Order to Defendants by serving a copy of this Order on Defendants by e-mail and/or online contact form or other means of electronic contact provided on the e-commerce stores operating under the Seller IDs, or by providing a

copy of this Order by e-mail to the marketplace platform for each Seller ID so that the marketplace platform, in turn, notifies Defendants of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

14. Plaintiff shall post copies of this Order, as well as all other documents filed in this action on the website located at the URL www.sriplaw.com/notice and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

15. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at the URL www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

16. The five thousand dollar ($5,000) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

**DONE and ORDERED** in New York, New York, this 5th day of November, 2025.

HONORABLE JED S. RAKOFF
UNITED STATES DISTIRCT JUDGE