UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 1:25-cv-08391

DORINA ZIESKE,

     Plaintiff,

v.

53WUYONGQUAN, *et al.*,

     Defendants.

## [proposed] ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

This matter is before the Court on Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants EIIORPO-US, QUVIVIOR, and WINNING TRADING LTD ("Defendants") pursuant to Fed. R. Civ. P. Rule 4(f)(3) (Doc. __) (the "Motion"). For the reasons stated herein, the Motion is **GRANTED**.

This is a copyright infringement case in which Plaintiff alleges that Defendants, through e-commerce stores, are advertising, promoting, offering for sale, or selling goods bearing or using what Plaintiff has determined to be infringements of Plaintiff's copyrighted works.

In the Motion, Plaintiff requests an Order Authorizing Service of Process on Defendants by e-mail and website posting and Plaintiff contends that electronic service by these means is sufficient to provide notice to Defendants, who reside in or operate from the People's Republic of China ("China") and have established Internet-based businesses and utilize electronic means as reliable forms of contact. (Rothman Decl. ¶¶ 8-9, 21 in Support of Motion for Order Authorizing Alternate Service of Process).

### LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by

2

international agreement and is reasonably calculated to give notice to the defendants. *See Kelly Toys Holdings, LLC v. Toy Dep't Store*, 2022 U.S. Dist. LEXIS 154175, at *27 (S.D.N.Y. Aug. 26, 2022); *Prewitt Enters., Inc. v. Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003); *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

"Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

"A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012); *Makina Ve Kimya Endustrisi A.S. v. A.S.A.P. Logistics Ltd.*, 2022 U.S. Dist. LEXIS 135421, at *4 (S.D.N.Y. July 29, 2022); *Rio Props.*, 284 F.3d at 1114-15.

"The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." Id.

## DISCUSSION

Here, service by e-mail and web publication are not prohibited by international agreement. The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing current

contracting states).

Service via the Hague is not applicable to Defendants because their addresses are unknown. Pursuant to the plain language of Article 1 of the Hague, "[t]his Convention shall not apply where the address of the person to be served with the document is not known." *See* Hague, Art. 1; *see also Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14 Civ. 1112 (VSB), 2018 U.S. Dist. LEXIS 169603, at *7 (S.D.N.Y. Sep. 30, 2018); *Kelly Toys Holdings, LLC v. Top Dep't Store*, No. 22 Civ. 558 (PAE), 2022 U.S. Dist. LEXIS 154175, at *17 (S.D.N.Y. Aug. 26, 2022) (collecting cases). "Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Id.* at *19-21 (*quoting Advanced Access*, 2018 U.S. Dist. LEXIS 169603, at *7-8 (S.D.N.Y. Sep. 30, 2018).

Here, as detailed in the Rothman Declaration, Plaintiff, through its counsel, has made sufficient efforts to discover the physical addresses of Defendants in this action. For Defendants, Amazon provided multiple, conflicting, and unreliable addresses. (Rothman Decl. ¶ 15). Plaintiff hired an investigator in China to investigate Defendants' addresses and attempt to verify a business address for purposes of service. (Rothman Decl. ¶ 16). Plaintiff's investigator performed searches on China's National Enterprise Credit Information Publicity System, Baidu.com, and Qichacha.com, to authenticate the business entity and address of each Defendant. (Rothman Decl. ¶ 17, Exhibit 3). The investigator concluded that the business names and addresses provided by each Defendant were not registered Chinese businesses and/or the investigator could not determine the exact addresses. Despite all attempts, Plaintiff's investigator is unable to confirm the identity of the investigated entity. (Rothman Decl. ¶ 17, Exhibit 3). *See Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.,* 2024 U.S. Dist. LEXIS 92931, at *9-10 (S.D.N.Y., May 22, 2024) (Holding that Plaintiffs exercised reasonable diligence in locating Defendants by (1) asking Defendant's counsel to be served; (2) searching publicly available records on Google, Baidu, and

4

The PRC Ministry of Public Security's database; and (3) reviewing Defendants' filings for identifying information and tailoring their online searches accordingly).

Additionally, due process is not offended. Defendants have at least one known and valid form of electronic contact and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants. The address to this website will be provided to Defendants through their known e-mail accounts and onsite contact forms embedded in Defendants' respective e-commerce stores or websites.

Service by e-mail and website posting are therefore reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections. Moreover, these are the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses. *See Weingeist v. Tropix Media & Ent.*, 2022 U.S. Dist. LEXIS 59975, at \*23 (S.D.N.Y. Mar. 30, 2022) (quoting *Nadim Nimai Kesten v. Broad. Music*, No. 20 Civ. 8909 (LJL), 2021 U.S. Dist. LEXIS 39926, 2021 WL 1740806, at \*2 (S.D.N.Y. Mar. 3, 2021).*Pearson Educ. Inc. v. Doe 1*, 18-CV-7380, 2019 WL 6498305, at \*3 (S.D.N.Y. Dec. 2, 2019).

Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting. Accordingly, it is **ORDERED** that the Motion is **GRANTED**. Plaintiff is permitted to serve the Summons, Complaint, and all other filings and discovery in this matter upon each Defendant by:

a) emailing a copy of the Summons and Complaint to Defendants via the e-mail addresses provided by the third-party marketplace on which Defendants operate;

b) providing the address to Plaintiff's designated website to Defendants via the e- mail accounts provided by each Defendant as part of the data related to its e-commerce

store, including customer service e-mail addresses and onsite contact forms, or by the e-commerce platform e-mail for each of the e-commerce stores; and

c) by publicly posting a copy of the Summons, Complaint, and all filings in this matter on Plaintiff's designated website appearing at www.sriplaw.com/notice.

**DONE AND ORDERED** in New York, New York, this __ day of March, 2026.

_____
**HONORABLE JED S. RAKOFF**
**UNITED STATES DISTRICT JUDGE**

6