**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

DORINA ZIESKE,

               Plaintiff,

v.

53WUYONGQUAN, *et al.*,

               Defendants.

Case No.: 1:25-cv-08391-JSR

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Dorina Zieske ("Zieske") against Defendants EIIORPO-US, QUVIVIOR, RYCDADE-US, and WINNING TRADING LTD. (collectively, "Defaulting Defendants"), and Zieske having moved for entry of Default and Default Judgment against Defaulting Defendants which have not yet been dismissed from this case;

This Court having entered a preliminary injunction; Defaulting Defendant RYCDADE-US having waived service and Defaulting Defendants EIIORPO-US, QUVIVIOR, and WINNING TRADING LTD. having been served pursuant to this Court's Order Authorizing Alternate Service (ECF No. 48), the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including New York. Specifically, Zieske has provided a basis to conclude that Defaulting Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including New York, and have sold counterfeit, copy, or colorable imitation of Plaintiff's copyrights (the "Copyrighted Works") to residents of New York. In this case, Zieske has presented screenshot evidence that each Defendant's e-commerce store is reaching out to do business with New York residents by operating one or more commercial, interactive internet stores through which New York residents can and do purchase products bearing or using the Copyrighted Works. *See* Zieske Declaration, Composite Exhibit 1, ECF Nos. 11-1 to 11-3, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit and infringing goods to customers in New York bearing or using the Copyrighted Works. True and correct copies of the Copyrighted Works being infringed by Defendants and the assigned registrations are shown in Exhibit 1 to the Complaint.

Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. The Defendants remaining in the case have not answered or otherwise responded to the Complaint and have defaulted. Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants, and an adjudication may be entered. The Court thus finds there is a sufficient basis in the pleading for the default judgment to be entered with respect to the Defaulting Defendants.

This Court further finds that Defaulting Defendants are liable for federal copyright infringement 17 U.S.C. § 101 et seq., and The All Writs Act, 28 U.S.C. § 1651(a). Plaintiff dismissed the New York General Business Law claim without prejudice.

To prevail on a claim of copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 106(1), (2) and (5), Plaintiff must show (1) Plaintiff's ownership of a valid copyright, and (2) actionable copying by defendant. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for copyright infringement. Plaintiff has provided evidence of ownership of the copyrights at issue and of defendants' unauthorized copying. Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c), a plaintiff may elect to receive, per work, "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the infringement is found to be willful, the Copyright Act provides for statutory damages of up to "not more than $150,000." 17 U.S.C. § 504(c)(2). High statutory damages are specifically warranted against each Defaulting Defendant in this matter and special circumstances justify high statutory damages. Defendants are high volume sellers who operate their businesses online to attract wide market exposure through Internet traffic and/or advertisements. Based on the same considerations above, the Court awards statutory damages of one hundred thousand dollars ($100,000.00) against each Defaulting Defendant for infringement of the Copyright. This award is within the statutory range for a

3

willful violation, and is sufficient to compensate Plaintiff, punish the Defendants, and deter Defendants and others from continuing to infringe Plaintiff's copyright.

Accordingly, this Court orders that DORINA ZIESKE's Motion for Entry of Final Judgment by Default is **GRANTED** as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1.      Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a.  using the Copyrighted Works, or any products bearing or using counterfeit copies in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Zieske product or not authorized by Zieske to be sold in connection with the Copyrighted Works;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Zieske product or any other product produced by Zieske, that is not Zieske's or not produced under the authorization, control, or supervision of Zieske and approved by Zieske for sale;

    c.  committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Zieske, or are sponsored by, approved by, or otherwise connected with Zieske; and

4

Case 1:25-cv-08391-JSR   Document 63   Filed 04/16/26   Page 5 of 7

    d.   manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Zieske, nor authorized by Zieske to be sold or offered for sale, and which bear or use the Copyrighted Works, including any reproductions, infringing copies or colorable imitations.

2.    Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com (the "Third Party Provider"), shall within seven (7) calendar days of receipt of this Order cease:

    a.   using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit goods using the Copyrighted Works; and

    b.   operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any infringing copies or colorable imitations thereof that is not a genuine Zieske product or not authorized by Zieske to be sold in connection with the Copyrighted Works.

3.    Upon Zieske's request, those with notice of this Order, including the Third Party Provider as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such

notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using or bearing the Copyrighted Works.

4. Pursuant to 17 U.S.C. § 504(c), Zieske is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000.00) for willful use of infringing Zieske's Copyrighted Works on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once.

5. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. and/or Stripe Payments Company ("Stripe") AfterPay U.S., Inc. ("Afterpay"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), Allpay Ltd. ("Allpay"), Apple Payments Inc. ("Apple Pay"), Adyen N.V., ("Adyen"), Google Payment Corp. ("Google Pay"), Klarna Inc. ("Klarna"), LL Pay United States, LLC dba LianLian Global ("LianLian"), Nuvei Technologies ("Nuvei"), PingPong Global Solutions Inc. ("PingPong"), Razorpay Software Limited ("Razor Pay"), Wise U.S. Inc. ("Wise"),World First Payments ("World First"), Worldpay LLC ("Worldpay") shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraphs 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Payoneer, Stripe, Afterpay, Ant Financial Services,

6

Allpay, Apple Pay, Adyen, Google Pay, Klarna, LianLian, Nuvei, PingPong, Razor Pay, Wise, World First, Worldpay, are hereby released to Zieske as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Payoneer, Stripe, Afterpay, Ant Financial Services, Allpay, Apple Pay, Adyen, Google Pay, Klarna, LianLian, Nuvei, PingPong, Razor Pay, Wise, World First, Worldpay, are ordered to release to Zieske the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7.    Until Zieske has recovered full payment of monies owed to it by any Defaulting Defendant, Zieske shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.    In the event that Zieske identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Zieske may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail addresses provided for Defaulting Defendants by third parties.

9.    The FIVE THOUSAND DOLLAR ($5,000) bond posted by Zieske is ordered to be released by the Clerk.

This is a Default Judgment.

**SO ORDERED** this 12th day of May 2026.

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

7